## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **HOUSTON POLICE OFFICERS'** | § | |
| **UNION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-00478** |
| | § | |
| **KROGER TEXAS L.P., THE** | § | |
| **KROGER CO.,** | § | |
| **Defendants.** | § | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Kroger Texas LP ("Kroger Texas") and The Kroger Co. (collectively, "Defendants") hereby file this motion to dismiss Plaintiff Houston Police Officers' Union's claims against them for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Procedure 12(b)(6).

# TABLE OF CONTENTS

I.    FACTUAL BACKGROUND; NATURE AND STAGE OF PROCEEDINGS...... 1

II.   STATEMENT OF THE ISSUES ........................................................................ 3

III.  STANDARD OF REVIEW............................................................................... 4

IV.   ARGUMENT & AUTHORITIES ..................................................................... 5

      A.    Plaintiff improperly lumps Kroger Texas, L.P. and The Kroger Co.
            together in violation of Rule 8(a); thus, all of Plaintiff's claims should be
            dismissed. ....................................................................................................... 5

      B.    Plaintiff fails to state a claim for implied warranty of fitness for a
            particular purpose because Plaintiff has not and cannot allege the
            underlying VISA Gift Cards were purchased for a non-ordinary use........... 7

      C.    Plaintiff fails to state a claim for breach of implied warranty of
            merchantability because the VISA Gift Cards were fit for their ordinary
            purpose at the time of sale based on Plaintiff's allegations and Plaintiff
            fails to allege facts that a breach by Kroger caused Plaintiff's alleged
            injury. ............................................................................................................. 9

      D.    Plaintiff fails to state a claim for breach of express warranty because
            Plaintiff's allegations establish the Visa Gift Cards were loaded with the
            amount of money Plaintiff expected on each card when purchased. .......... 11

      E.    Plaintiff's fraud allegations do not meet the heightened Rule 9(b)
            pleading requirements; thus, this claim should be dismissed. ................... 13

      F.    Plaintiff's breach of contract claim has already been dismissed as to
            Kroger Texas and similarly fails against both defendants in the First
            Amended Complaint...................................................................................... 14

      G.    To the extent Plaintiff is still asserting a claim for negligence, such claim
            fails. ............................................................................................................. 15

            i.    *The economic loss doctrine bars Plaintiff's negligence claim.* ............. 15

            ii.   *Plaintiff has not alleged facts to establish Defendants owed Plaintiff a
                  common law duty of care under a negligence theory.* ........................... 17

      H.    Plaintiff fails to state a claim for unjust enrichment because there is no
            such independent cause of action in Texas and Plaintiff failed to plead
            any facts establishing Defendants were unjustly enriched.......................... 20

      I.    Plaintiff lacks Article III standing to assert the claims pled because
            Plaintiff cannot assert a concrete injury under the law when Plaintiff paid
            for a product and received just that. ........................................................... 22

J.      Plaintiff lacks standing under Fed. R. Civ. P. 23. ......................... 23

           i.   *Standing under Rule 23(b)(2) is precluded as Plaintiff and Class Members predominately seek monetary relief.* ...................................... 24

           ii.  *Class action standing is precluded under Rule 23(b)(3) due to variations in state law.* .............................................................. 24

K.     Plaintiff's request for injunctive relief fails because it is seeking to prevent unidentified future harm by a third-party criminal and Plaintiff fails to state a viable underlying claim. ....................................................... 25

L.      Plaintiff fails to allege facts to support its claim for exemplary and punitive damages. ............................................................................ 27

V.    CONCLUSION ..................................................... 28

# TABLE OF AUTHORITIES

Page(s)

Other Authorities

*1/2 Price Checks Cashed v. United Auto. Ins. Co.*,
　344 S.W.3d 378 (Tex. 2011) ........................................................................ 15
*Advon Corp. v. Coopwood's Air Conditioning Inc.*,
　517 F.Supp.3d 656 (S.D. Tex. 2021) ................................................ 7, 8, 9, 15
*Asai v. Vanco Insulation Abatement*,
　932 S.W.2d 118 (Tex. App.—El Paso 1996, no writ) ..................................... 8
*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ......................................................................... 4, 5, 10
*Austin v. Kroger Tex., L.P.*,
　465 S.W.3d 193 (Tex. 2015) ........................................................................ 18
*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................ 4, 5
*Burklund v. Hackett*,
　575 S.W.2d 389 (Tex. Civ. App.—Tyler 1978, no writ) .............................. 26
*Chyba v. EMC Mortg. Corp.*,
　450 Fed. Appx. 404 (5th Cir. 2011) .............................................................. 6
*Cole v. GMC*,
　484 F.3d 717 (5th Cir. 2007) ................................................................. 24, 25
*Cranor v. 5 Star Nutrition, LLC*,
　998 F.3d 686 (5th Cir. 2021) ....................................................................... 22
*Daniel Montes v. Bertha Tibbs*,
　No. CV H-23-1352, 2024 WL 1676254 (S.D. Tex. Apr. 18, 2024) .............. 20
*Deeds v. Whirlpool Corporation*,
　2016 WL 6070552 (S.D. Tex. Oct. 17, 2016) .............................................. 12
*Del Castillo v. PMI Holdings N. Am. Inc*,
　2016 WL 3745953 (S.D. Tex. July 13, 2016) ................................................ 5
*Earl v. Boeing Co.*,
　53 F.4th 897 (5th Cir. 2022) ........................................................................ 22
*Edgar v. Glenn W. Turner Enterprises*,
　487 S.W.2d 847 (Tex. Civ. App.—Austin 1972, no writ) ............................ 26
*Elledge v. Friberg-Cooper Water Supply Corp.*,
　240 S.W. 3d 869 (Tex. 2007) ...................................................................... 22
*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
　53 F. Supp. 3d 943 (S.D. Tex. 2014) ........................................................... 20
*Golden Spread Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*,
　360 F. Supp. 3d 494 (N.D. Tex. 2019)......................................................... 17

*Howard Indus. v. Crown Cork & Seal Co., LLC,*
    403 S.W.3d 347 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ................................ 27
*John Paul Mitchell Sys. v. Randalls Food Mkts.,*
    17 S.W.3d 721 (Tex. App.—Austin 2000, pet. denied) ................................................ 26
*Knopf v. Standard Fixtures Co.,*
    581 S.W.2d 504 (Tex. Civ. App.—Dallas 1979, no writ) ............................................ 26
*Lilani v. Noorali,*
    No. H-09-2617, 2011 WL 13667 (S.D. Tex. Jan. 3, 2011) ......................................... 21
*Lloyd v. Alaska Worldwide, Inc.,*
    550 S.W.2d 343 (Tex. Civ. App.—Dallas 1977, no writ) ............................................ 26
*Lujan v. Defs. of Wildlife,*
    504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) .......................................... 22
*Malveaux v. Litton Loan Servicing,*
    2011 WL 1211355 (N.D. Tex. Feb. 7, 2011) ............................................................... 6
*Mary E. Bivins Found. v. Highland Capital Mgmt. L.P.,*
    451 S.W.3d 104 (Tex. App.—Dallas 2014, no pet.) ................................................... 21
*Med. City Dall., Ltd. v. Carlisle Corp.,*
    251 S.W.3d 55 (Tex. 2008) ................................................................................... 15, 16
*Mid Continent Aircraft Corp. v. Curry Cty. Spraying Serv. Inc.,*
    572 S.W.2d 308 (Tex. 1978) .................................................................................... 17
*Priest v. Tex. Animal Health Com.,*
    780 S.W.2d 874 (Tex. App.—Dallas 1989, no writ) ............................................ 25, 26
*Pugh v. General Terrazzo Supplies, Inc.,*
    243 S.W.3d 84 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)............................. 16
*Raine v. Searles,*
    302 S.W.2d 486 (Tex. Civ. App.—El Paso 1957, no writ) .......................................... 25
*Rivera v. Wyeth-Ayerst Labs.,*
    283 F.3d 315 (5th Cir. 2002) ............................................................................... 22, 23
*Schiller v. Physicians Res. Group, Inc.,*
    342 F.3d 563 (5th Cir. 2003) ...................................................................................... 7
*Signal Oil & Gas Co. v. Universal Oil Prods.,*
    572 S.W.2d 320 (Tex. 1978) .................................................................................... 17
*Strauss v. Ford Motor Co.,*
    439 F. Supp. 2d 680 (N.D. Tex. 2006) ......................................................................... 8
*Strickland v. Bank of N.Y. Mellon,*
    838 F. App'x 815 (5th Cir. 2020) .............................................................................. 13
*Taylor v. Coca-Cola Co.,*
    2020 WL 6799257 (N.D. Tex. Nov. 19, 2020) ............................................................ 5
*Tex. Nat'l Bank v. Karnes,*
    717 S.W.2d 901 (Tex. 1986) .................................................................................... 27
*Tex. Truck Ctrs., Inc. v. Bass,*
    No. 13-22-00520-CV, 2024 Tex. App. LEXIS 5507 (Tex. App.—Corpus Christi Aug.
    1, 2024, no pet. h.)..................................................................................................... 15

*Texas Employment Comm'n v. Martinez*,
   545 S.W.2d 876 (Tex. Civ. App.—El Paso 1976, no writ) ........................................... 26
*Timberwalk Apts., Partners, Inc. v. Cain*,
   972 S.W.2d 749 (Tex. 1998) .................................................................................. 18
*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) ............................................................ 22
*Tucker v. U.S.*,
   2009 WL 3047855 (N.D. Tex. Sept. 23, 2009) ........................................................ 7
*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ............................................................................................. 24
*Wilson v. Deutsche Bank Tr. Co.,*
   *Ams.*, 2019 WL 175078 (N.D. Tex. Jan. 10, 2019) ................................................. 6

Statututes

Article III of the United States Constitution ............................................................ 22, 23
Section 2.314(b)(3) of the Texas Business and Commerce Code ....................................... 9
Tex. Bus. & Com. Code § 2.315 ............................................................................... 7, 8
Tex. Bus. & Com. Code §§ 2.314, 2.607(c)(1) ........................................................... 9
Tex. Bus. & Com. Code §2.313 ................................................................................. 12
Tex. Civ. Prac. & Rem. Code § 16.003(a) .................................................................. 22
Tex. Civ. Prac. & Rem. Code §41.004(a) .................................................................... 27

Rules

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 3
Fed. R. Civ. P. 8(a) ................................................................................................... 5
Fed. R. Civ. P. 9(b) ................................................................................................. 13
Fed. R. Civ. P. 23(a) ............................................................................................... 23
Fed. R. Civ. P. 23(b) ...................................................................................... 4, 23, 24
Rule 8 ............................................................................................................... 5, 6

## I.      FACTUAL BACKGROUND; NATURE AND STAGE OF PROCEEDINGS

1.      Plaintiff initiated this class action lawsuit against Kroger Texas on February 9, 2024, suing Kroger Texas for negligence, breach of contract, and unjust enrichment and seeking punitive and exemplary damages.  [Doc. 1].  Kroger Texas responded by filing a 12(b)(6) Motion to Dismiss [Doc. 14] ("First Motion to Dismiss"), which the Court heard during the initial conference on August 6, 2024.

2.      During the initial conference, the Court dismissed Plaintiff's breach of contract claim against Kroger Texas and noted several issues with Plaintiff's negligence claim.  Moreover, Plaintiff conceded through its briefing on Kroger Texas's First Motion to Dismiss that it failed to state a claim for unjust enrichment. Considering these issues, the Court allowed Plaintiff to amend its complaint to address the issues raised in the briefing regarding the First Motion to Dismiss and at the hearing on August 6, 2024.  *See* [Doc. 29]; *see also* Exhibit A, Court Transcript at pp. 18-20, 41-42.

3.      On September 20, 2024, Plaintiff filed its First Amended Class Action Complaint ("First Amended Complaint") asserting new claims against Kroger Texas for breach of express and implied warranties based on the same facts as previously pled.  [Doc. 33].  Despite Plaintiff's prior concessions regarding its unjust enrichment claim and the Court's dismissal of Plaintiff's breach of contract claim, Plaintiff further appears to continue to assert these claims against Kroger Texas in its class allegations, as well as claims for fraud and negligence. Plaintiff also continues to seek punitive damages and injunctive relief.  *Id*.

4.      Additionally, and for a reason that is entirely unclear based on Plaintiff's pleadings, Plaintiff also added The Kroger Co. as a defendant and appears to assert all of the same causes of action and factual allegations as to The Kroger Co. as well. Notably, in paragraph 2 of the First Amended Complaint, Plaintiff defines "Kroger" and "Defendants" as Kroger Texas and The Kroger Co. **jointly** and then proceeds to reference claims against "Kroger" and "Defendants" throughout the remainder of the Complaint with zero distinction to which Kroger entity Plaintiff is referring.

5.      In support of its claims against "Kroger", Plaintiff alleges it purchased four $100 VISA Gift Cards from "Kroger Texas L.P. and/or The Kroger Co." at a store located at 1440 Studemont St. in Houston, Texas ("Studemont Kroger") on August 3, 2023. [Doc. 33] at ¶19. Plaintiff alleges it later discovered, "upon attempting to use the cards," that the cards had been "illicitly drained." *Id*. at ¶20.

6.      As in the original complaint, Plaintiff includes in the First Amended Complaint photographs of two activity reports for two of the four VISA Gift Cards at issue. *Id.* Each activity report shows a $98 purchase from Amazon.Com on September 26, 2023, and October 2, 2023, respectively.  *Id.*   Based on these activity reports evidencing purchases made using two of the four cards at issue almost *two months* after the cards were purchased from the Studemont Kroger, Plaintiff alleges "Kroger's" purported failure to "secure" the four VISA Gift Cards while at its store caused the alleged "card draining."  *Id.* at ¶22. For the reasons set forth below, Plaintiff still fails to state a claim against Kroger Texas and fails to state a claim against the newly added defendant, The Kroger Co.;

therefore, Defendants move to dismiss Plaintiff's claims against them in their entirety with prejudice.

## II.    STATEMENT OF THE ISSUES

7.    The Court should dismiss Plaintiff's claims against Defendants in their entirety with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) for the following reasons:

- Plaintiff improperly lumps Kroger Texas, L.P. and The Kroger Co. together in violation of Rule 8(a); thus, all of Plaintiff's claims should be dismissed.

- Plaintiff fails to state a claim for implied warranty of fitness for a particular purpose because Plaintiff has not and cannot allege the underlying VISA Gift Cards were purchased for a non-ordinary use.

- Plaintiff fails to state a claim for breach of implied warranty of merchantability because the VISA Gift Cards were fit for their ordinary purpose at the time of sale based on Plaintiff's allegations and Plaintiff fails to allege facts that a breach by Defendants caused Plaintiff's alleged injury.

- Plaintiff fails to state a claim for breach of express warranty because Plaintiff's allegations establish the Visa Gift Cards were loaded with the amount of money Plaintiff expected on each card when purchased.

- Plaintiff's fraud allegations do not meet the heightened Rule 9(b) pleading requirements; thus, this claim should be dismissed.

- Plaintiff's breach of contract claim against Kroger Texas has already been dismissed and similarly fails against Defendants in the First Amended Complaint.

- To the extent Plaintiff is still asserting a claim for negligence, such claim fails because (1) it is barred by the economic loss doctrine, and (2) Plaintiff has not alleged facts to establish Defendants owed Plaintiff a common law duty of care under a negligence theory.

- Plaintiff fails to state a claim for unjust enrichment because there is no such independent cause of action in Texas and Plaintiff failed to plead any facts establishing Defendants were unjustly enriched.

- Plaintiff lacks Article III standing to assert the claims pled because Plaintiff cannot assert a concrete injury under the law when they paid for a product and received just that.

- Plaintiff lacks standing under Fed. R. Civ. P. 23 because (1) Plaintiff and Class Members are predominantly seeking monetary relief, which is precluded under Rule 23(b)(2); and (2) class action standing is precluded under Rule 23(b)(3) due to variations in state law.

- Plaintiff's request for injunctive relief fails because it is seeking to prevent unidentified future harm by a third-party criminal and Plaintiff fails to state a viable underlying claim.

- Plaintiff fails to allege facts to support its claim for exemplary and punitive damages.

### III.    STANDARD OF REVIEW

8.    The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## IV.    ARGUMENT & AUTHORITIES

**A.    Plaintiff improperly lumps Kroger Texas, L.P. and The Kroger Co. together in violation of Rule 8(a); thus, all of Plaintiff's claims should be dismissed.**

9.    Plaintiff added The Kroger Co. as a defendant in its First Amended Complaint, yet Plaintiff lumps Kroger Texas and The Kroger Co. together as one indivisible defendant throughout the First Amended Complaint.  It is now entirely unclear what Plaintiff is alleging against each of these two separate and distinct entities.  Thus, Plaintiff's pleadings do not comport with the requirements of Fed. R. Civ. P. 8(a) and must be dismissed for this reason alone.

10.    Rule 8(a)(2) requires Plaintiff make a short and plain statement of its claims showing it is entitled to relief against each defendant.  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has long held that a complaint must contain factual support that a defendant is liable for the misconduct alleged, not just blanket assertions that a defendant is liable for a cause of action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

11.    Moreover, federal courts in Texas have consistently rejected lumping "Defendants" together, as Plaintiff has done here, holding the failure to distinguish between each parties' alleged conduct and grouping them to together fails to satisfy the pleading requirements of Rule 8(a).  *See Del Castillo v. PMI Holdings N. Am. Inc*, 2016 WL 3745953, *13 (S.D. Tex. July 13, 2016) (holding plaintiff failed to satisfy the requirements of Rule 8(a)(2) and 12(b)(6) when it lumped together eight distinct corporate entities and failed to delineate between the actions of each defendant); *see Taylor v. Coca-Cola Co.*,

2020 WL 6799257, at *1 (N.D. Tex. Nov. 19, 2020) ("Although there is no per se rule that forecloses a pleader from attributing actions to defendants as a group, a complaint must attribute to a particular defendant an act that could not have been committed by a group.") (citing *Wilson v. Deutsche Bank Tr. Co. Ams.*, 2019 WL 175078, at *7 (N.D. Tex. Jan. 10, 2019) (citing *Chyba v. EMC Mortg. Corp.*, 450 Fed. Appx. 404, 406 (5th Cir. 2011) (per curiam) ("Plaintiff's vague allegations of malfeasance by a global group of unspecified 'defendants'—without alleging any particular acts by the present Defendant—provided an additional reason to dismiss the suit."))).

12.     As written in Plaintiff's First Amended Complaint, Kroger Texas and the The Kroger Co. are unable to ascertain which statements and claims Plaintiff is asserting against each of them.  It is impossible to discern what Plaintiff alleges Kroger Texas did wrong and/or what Plaintiff alleges The Kroger Co. did wrong.  Instead, Plaintiff's Amended Complaint merely re-asserts the same facts alleged in its Original Complaint but adds The Kroger Co. as another defendant without any explanation as to what The Kroger Co.'s involvement is in this matter.  The Kroger Co. has no idea why it has been added to this lawsuit, as the First Amended Complaint sheds zero light on the issue.  Moreover, Kroger Texas now cannot discern if Plaintiff is continuing to assert all claims against it or if Plaintiff is now alleging at least some of the purported wrongdoing was committed by The Kroger.  Plaintiff's blanket accusations against "Kroger" and "Defendants" jointly fall far short of Rule 8 pleading requirements, despite Plaintiff's opportunity to replead.  For this reason alone, Plaintiff's claims against both Defendants should be dismissed with prejudice.  *See Malveaux v. Litton Loan Servicing*, 2011 WL 1211355, at *3 (N.D. Tex.

Feb. 7, 2011), report and recommendation adopted, 2011 WL 1211347 (N.D. Tex. Mar. 30, 2011) (dismissing a case with prejudice after previously giving a plaintiff an opportunity to amend her complaint) (citing *Tucker v. U.S.*, 2009 WL 3047855 at *6 (N.D. Tex. Sept. 23, 2009) (citing *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 565 (5th Cir. 2003))).

**B.     Plaintiff fails to state a claim for implied warranty of fitness for a particular purpose because Plaintiff has not and cannot allege the underlying VISA Gift Cards were purchased for a non-ordinary use.**

13.     Plaintiff very broadly alleges "Kroger" breached implied warranties of fitness for a particular purpose and merchantability when Plaintiff and class members purchased the Visa Gift Cards at its stores.  [Doc. 33] at ¶¶42-50.  Specifically, Plaintiff contends "Kroger breached its warranty with Plaintiff and Class Members by failing to safeguard VISA Gift Cards and provide functional products. . . ." *Id*. at ¶49.  This is simply not the standard under Texas law to prevail on any breach of implied warranty claims.

14.     Under Texas law, to prevail on a breach of implied warranty of fitness for a particular purpose claim, Plaintiff must show: (1) the seller had reason to know of the particular purpose for which the Plaintiff required the goods; (2) plaintiff relied on the seller's skill and judgment to select suitable goods; (3) seller knew of the Plaintiff's reliance on its skill and judgment; (4) the goods were not suited for the buyer's particular needs; and (5) plaintiff suffered damages as a result of the seller's breach.  *Advon Corp. v. Coopwood's Air Conditioning Inc.*, 517 F.Supp.3d 656, 665-66 (S.D. Tex. 2021) (J. Eskridge); Tex. Bus. & Com. Code § 2.315.

15.     Importantly, <u>the particular purpose for which the plaintiff seeks to use the goods must differ from the goods' ordinary use</u>, which is covered under the warranty of merchantability, and the seller must know of this non-conforming purpose the plaintiff intends to use the goods for.  *Asai v. Vanco Insulation Abatement*, 932 S.W.2d 118, 122 (Tex. App.—El Paso 1996, no writ).

16.     "Texas law makes clear that 'a particular purpose envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability.'" *Advon*, 517 F.Supp.3d at 666 (citing *Strauss v. Ford Motor Co.*, 439 F. Supp. 2d 680, 686 (N.D. Tex. 2006) (citing Tex Bus & Comm Code § 2.315, Comment 2))).  Simply put, "an ordinary purpose inherently isn't particular and is instead comprehended within the concept of merchantability." *Id.* at 666.

17.     This Court recently dismissed a plaintiff's breach of implied warranty of fitness for a particular purpose claim when, as here, the plaintiff's complaint was void of any allegations that the subject goods were purchased for non-ordinary uses.  *Id.*  Here, Plaintiff's First Amended Complaint is devoid of any allegation that it or any of the purported Class Members intended to use the purchased VISA Gift Cards for any purpose differing from their ordinary use.  *See generally*, [Doc. 33].  Instead, the facts alleged conclusively establish the cards were in fact purchased for their ordinary use; to be used as a gift card.  [Doc. 33] at ¶20.  Consequently, Plaintiff has not and cannot state a claim for which relief may be granted regarding breach of implied warranty of fitness for a particular purpose.  As such, this claim should be dismissed with prejudice.

**C.**    **Plaintiff fails to state a claim for breach of implied warranty of merchantability because the VISA Gift Cards were fit for their ordinary purpose at the time of sale based on Plaintiff's allegations and Plaintiff fails to allege facts that a breach by Kroger caused Plaintiff's alleged injury.**

18.    Plaintiff alleges "Kroger" breached implied warranties by "failing to safeguard VISA Gift Cards and provide functional products…" [Doc. 33] at ¶49.  This is not the applicable standard to prevail on a claim for breach of implied warranty of merchantability and none of Plaintiff's allegations conform or state a claim under the proper standard.

19.    To prevail on an alleged breach of implied warranty of merchantability claim under Texas law, a plaintiff must show: (1) the defendant sold or leased a product to plaintiff; (2) the defendant is a merchant with respect to the goods of the kind at issue; **(3) the goods were unmerchantable at the time of sale**; (4) the plaintiff notified the defendant of the breach within a reasonable time; (5) the plaintiff suffered an injury; and **(6) the breach proximately caused the injury to the plaintiff**.  *Advon*, 517 F.Supp.3d at 664; *see also* Tex. Bus. & Com. Code §§ 2.314, 2.607(c)(1).  Section 2.314(b)(3) of the Texas Business and Commerce Code further provides that a product is unmerchantable if it is not "fit for the ordinary purposes for which such goods are used."

20.    First, Plaintiff has not pled any facts supporting a contention that the VISA Gift Cards purchased were unmerchantable at the time of sale, as required to state a claim for breach of the implied warranty of merchantability.  *See* [Doc. 33] at ¶¶19-21.  Contrarily, Plaintiff conclusively establishes through photographic evidence included in its First Amended Complaint (and Original Complaint) that the cards were in fact loaded with

the funds placed on the cards and that such amount remained on the cards for nearly two months post-transaction, i.e., the cards were fit for their ordinary purchase at the time of sale and two months thereafter. *Id.* at ¶20. Plaintiff's theories about how the cards were subsequently drained[1] are not the type of factual allegations that rise above mere speculation as *Twombly* demands and simply fail to meet the pleading requirements to state a claim for breach of the implied warranty of merchantability. *See Twombly*, 550 U.S. at 555.

21.     Second, Plaintiff has not pled any facts supporting a contention that either Kroger entity caused an injury to Plaintiff under a breach of the implied warranty of merchantability.   Plaintiff alleges its "possible" that "Kroger" or a "Kroger" employee stole the money from the cards or there was "an alleged scam involving the VISA Gift Cards."   However, Plaintiff failed to allege facts connecting the allegation that two of the gift cards were purportedly emptied of funds two months after purchase to an action by either Kroger entity.   As the Supreme Court held in *Ashcroft v. Iqbal*, "[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." 556 U.S. 662, 678 (2009).   For each of these reasons, Plaintiff fails to state a claim for breach of the implied warranty of merchantability, and the claim should be dismissed with prejudice.

---

[1] "Upon visiting the Kroger location where the VISA Gift Cards were purchased, HPOU learned of an alleged scam involving the VISA Gift Cards.  Another possibility is that Kroger or a Kroger employee is just stealing the money…"  [Doc. 33] at ¶ 21.

**D.    Plaintiff fails to state a claim for breach of express warranty because Plaintiff's allegations establish the Visa Gift Cards were loaded with the amount of money Plaintiff expected on each card when purchased.**

22.    Plaintiff contends "Kroger's" advertising displays for its prepaid cards expressly warranted to Plaintiff and Class Members that the VISA Gift Cards it purchased "would contain the added and paid amount of money." [Doc. 33] at ¶54. Plaintiff further contends "Kroger breached its express warranty with Plaintiff and Class Members…by failing to safeguard VISA Gift Cards and failing to provide functional products as advertised and represented on said displays." *Id*. at ¶60. Specifically, Plaintiff contends "[a]ny customer, including Plaintiff and Class Members, who paid money to Kroger did so with the reasonable belief and expectation that Kroger would use part of those funds to provide functional product—potentially by preventing them from tampering with security." *Id.*

23.    First, Plaintiff's contention regarding how "Kroger" allegedly breached an express warranty makes no sense. By Plaintiff's logic, one of the Kroger defendants (which one is entirely unclear) should have used the funds Plaintiff and Class Member's had not yet paid to "Kroger" to provide security to protect the cards Plaintiff and Class Member had not yet purchased. Second, even assuming either Kroger entity made an express warranty to Plaintiff that the cards Plaintiff purchased would be loaded with the funds, Defendants kept that promise, which Plaintiff has conclusively established through its own factual allegations in the First Amended Complaint. *Id*. at ¶20.

24.    To prevail on a claim for breach of express warranty in Texas, Plaintiff must show: (1) an affirmation or promise made by the seller/defendant to the buyer/plaintiff; (2)

that such affirmation or promise was part of the basis for the bargain, e.g., that the buyer relied on such affirmation or promise in making the purchase; (3) **that the goods failed to comply with the affirmation or promise;** (4) that there was financial injury; and (5) that the failure to comply with the promise was the proximate cause of the financial injury to the buyer. *Deeds v. Whirlpool Corporation*, 2016 WL 6070552, at *4 (S.D. Tex. Oct. 17, 2016); *see also* Tex. Bus. & Com. Code §2.313.

25.    Here, Plaintiff contends "Kroger" expressly warranted "that its prepaid cards would contain the added and paid amount of money—as described by its advertising on its displays—in its sale of prepare cards, sales of goods." [Doc. 33] at ¶54.  And they did. Plaintiff alleges it purchased four VISA Gift Cards at the Studemont Kroger on August 3, 2023.  *Id*. at ¶19.  It is undisputed that on that date, Plaintiff left Studemont Kroger's premises, and the four Visa Gift Cards were loaded with the exact amount of money Plaintiff expected on each card.  *Id*. at ¶¶19-20.  Again, Plaintiff's theories of how the cards at issue were allegedly drained nearly two months after its purchase does not negate the fact that at the time Kroger Studemont sold Plaintiff the four gift cards, the cards fully complied with any purported express warranty that its displays conveyed to Plaintiff. Furthermore, Plaintiff's theories as to what happened are, again, not the type of factual allegations required to survive a motion to dismiss under *Twombly*.  *See* [Doc. 33] at ¶21

26.    Because the cards complied with the alleged express warranty that they would be loaded with the funds placed on them, Plaintiff cannot establish elements 3 and 5 (that the goods failed to comply and that such non-compliance caused financial injury to Plaintiff), as required.  Consequently, Plaintiff has failed to state a claim upon which relief

may be granted with respect to its breach of express warranty claim.  As such, this claim should be dismissed.

27.     Moreover, because Plaintiff has failed to state any claim upon which relief may be granted as to all of its breach of warranty claims, Plaintiff has no basis to recover attorneys' fees.  As such, Plaintiff's request for such fees and expenses should also be dismissed.

**E.     Plaintiff's fraud allegations do not meet the heightened Rule 9(b) pleading requirements; thus, this claim should be dismissed.**

28.     Plaintiff references vague allegations of fraud against Kroger Texas in Plaintiff's Class Action Allegations and further folds fraud allegations into its breach of implied warranty claims.  [Doc. 33] at VII, ¶¶34(f)(h)(k)(l), 48.  Specifically, Plaintiff launches blanket accusations that "Kroger" (which Kroger entity is entirely unclear) "fraudulently promoted future products or services," "received revenues from a fraudulent venture," and "perpetuated fraud."  [Doc. 33] at ¶¶34, 48.  On this basis, Plaintiff attempts to assert entitlement to punitive damages.  *Id.* at ¶68.  Plaintiff's fraud allegations fail to meet the heightened pleading standard set forth in Fed. R. Civ. P. 9(b), however.  Thus, this claim should be dismissed.

29.     Rule 9(b) requires a plaintiff "state with particularity the circumstances constituting the fraud or mistake."  *Id*.  The Fifth Circuit interprets Rule 9(b) strictly and requires a plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud. *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 820 (5th Cir. 2020).

30.    In this case, Plaintiff has not pled its fraud allegations against Defendants with the heightened level of particularity as required by Rule 9(b).  Plaintiff failed to set forth the who, what, when, where, and how of any specific fraudulent action by "Kroger"— it is completely unclear which Kroger entity Plaintiff is alleging committed the purported fraud. Moreover, Plaintiff failed to connect any allegedly fraudulent action by either Kroger entity to any actual damage suffered by Plaintiff.  Consequently, Plaintiff has failed to state a claim for fraud against either defendant.

**F.    Plaintiff's breach of contract claim has already been dismissed as to Kroger Texas and similarly fails against both defendants in the First Amended Complaint.**

31.    This Court previously dismissed Plaintiff's breach of contract claim against Kroger Texas under the current facts alleged.  *See* [Doc. 29]; *see also* Exhibit A, Court Transcript at pp. 18-20.  As such, Plaintiff has no valid claims for damages resulting from Kroger Texas' purported breach of contract and Plaintiff has identified no reason why such a claim should proceed against The Kroger Co., yet Plaintiff continues to seek such relief in the First Amended Complaint.  *See* [Doc. 33] at ¶65(e).  To the extent this Court determines Plaintiff has reasserted its breach of contract claim in the First Amended Complaint (*see* [Doc. 33] at ¶¶34(g) & 65(e)), the Court should dismiss the claim as to both defendants for all reasons previously briefed and argued in this case, which Defendants incorporate here by reference as if fully set forth herein.

**G.**     **To the extent Plaintiff is still asserting a claim for negligence, such claim fails.**

    **i.**     ***The economic loss doctrine bars Plaintiff's negligence claim.***

32.     Plaintiff's First Amended Complaint appears to recycle language from its Original Complaint, and while it does not explicitly assert negligence as a cause of action against either Kroger entity, it alleges that the class's common questions of fact include whether "Kroger" failed to implement reasonable measures to secure the cards, failed to implement reasonable measures to refund plaintiff and class members, whether "Kroger" owed duties to provide functional products and protect its consumers and if "Kroger" breached those duties.  Such allegations fall squarely within an allegation of negligence, yet Plaintiff still fails to state a claim upon which relief may be granted for negligence.  *See* [Doc.33] at ¶¶34(a-m).

33.     Under Texas law, Plaintiff cannot recover in tort for an alleged economic loss that forms the basis of its breach of contract claim.  *See Advon*, 517 F. Supp. 3d at 667. In other words, where an economic loss can be recovered through a breach of contract claim, plaintiff cannot further pursue such loss via a negligence claim.  *Id.*  Importantly, breach of warranty claims are considered contract claims in Texas when the damages are purely economic.  *Med. City Dall., Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 61-63 (Tex. 2008); *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 388 (Tex. 2011); *Tex. Truck Ctrs., Inc. v. Bass*, No. 13-22-00520-CV, 2024 Tex. App. LEXIS 5507 at *7 (Tex. App.—Corpus Christi Aug. 1, 2024, no pet. h.).  Because breach of warranty claims are treated as contract claims in Texas, the economic loss doctrine is properly invoked to

bar tort claims seeking the same economic damages. *Med. City Dall., Ltd.*, 251 S.W.3d at 61-62.

34.     Texas courts apply the economic loss doctrine in two situations: (1) "to preclude tort claims brought to recover economic losses when those losses are the subject matter of a contract"; and (2) to "preclude tort claims brought to recover economic losses against the manufacturer or seller of a defective product where the defect damages only the product and does not cause a personal injury or damage to other property." *See Advon,* 517 F.Supp.3d at 667 (citing *Pugh v. General Terrazzo Supplies, Inc.*, 243 S.W.3d 84, 90-91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)).

35.     Here, Plaintiff's negligence claim is barred by the economic loss doctrine under both of these applications.  First, Plaintiff alleges an economic loss purportedly sustained from an alleged card-draining scheme occurring at the Studemont Kroger.  [Doc. 33] at ¶¶19-21.  Plaintiff's alleged economic loss also forms the basis of its breach of express and implied warranty claims, in which Plaintiff contends its purchase of drained cards constitute a breach of warranty by "Kroger" that caused it economic loss. *Id.* at ¶¶42-61.  Because Plaintiff's negligence claim is based upon the same economic loss forming the basis for its breach of warranties claim, which Texas courts consider contract claims, the negligence claim is barred outright.

36.     The economic loss doctrine further bars Plaintiff's negligence claim, because Plaintiff seeks to recover an economic loss against Defendants for purportedly selling defective VISA Gift Cards of which the purported defect was only to the VISA Gift Cards but did not cause personal injury to Plaintiff or Plaintiff's other property. [Doc. 33] at ¶¶19-

21). *See, e.g., Golden Spread Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 360 F. Supp. 3d 494, 519 (N.D. Tex. 2019), *aff'd sub nom. Golden Spread Elec. Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 954 F.3d 804 (5th Cir. 2020) (citing *Signal Oil & Gas Co. v. Universal Oil Prods*., 572 S.W.2d 320, 325 (Tex. 1978) ("[W]here only the product itself is damaged, such damage constitutes economic loss recoverable only as damages for breach of an implied warranty under the [Business and Commerce Code]."); *Mid Continent Aircraft Corp. v. Curry Cty. Spraying Serv. Inc.*, 572 S.W.2d 308, 313 (Tex. 1978) ("[I]njury to the defective product itself is an economic loss governed by the Uniform Commercial Code.")). For this additional reason, the economic loss doctrine bars Plaintiff's negligence claim.[2]

> **ii.    Plaintiff has not alleged facts to establish Defendants owed Plaintiff a common law duty of care under a negligence theory.**

37.    Plaintiff contends "Kroger" disregarded the rights of Plaintiff and failed to take adequate and reasonable measures to protect its VISA Gift Cards, its customers, and prevent fraud. [Doc. 33] at ¶25. However, Plaintiff has not alleged any facts establishing either defendant owed a duty, or from where such a duty arose, as ordered by this Court during the initial conference. *See* [Doc. 29]; *see also* Exhibit A, Court Transcript at pg. 33, Lines 24-25; pg. 34, Lines 1-3.

38.    The major issue posed with Plaintiff's negligence allegations is that there is no legal authority stating a premise owner owes its invitees a duty to safeguard its

---

[2] We note that during the August 6, 2024, initial conference, this Court stated on the record that Plaintiff's negligence claims, offered under the same facts as its Original Class Action Complaint, suffered problems under the Economic Loss Doctrine that may not be curable by simply asserting warranty claims. *See* Exhibit A, Court Transcript at pg. 22, Lines 20-25.

premises/goods against criminal activities that would solely impose upon the invitee a financial harm on the retailer's premises.  This is presumably because the economic loss doctrine forecloses these types of claims.

39.     However, there is no shortage of Texas case law outlining a retailer's duties to its invitees under premises liability law.   Notably, premises liability is a branch of the negligence tree and is only distinguished from this general negligence claim by the fact Plaintiff alleges a financial harm as opposed to a physical harm.  As such, the duties imposed on a retailer via premises liability law is the most analogous way to determine the duties of a retailer in this general negligence claim where the only distinguishing factor is the type of damages sustained.

40.     In Texas, a premise owner/retailer only has a duty to provide adequate security against criminal conduct that poses a foreseeable risk of harm to its invitee.  *Austin v. Kroger Tex., L.P*., 465 S.W.3d 193, 203 (Tex. 2015).  The Texas Supreme Court has held a premise owner's foreseeability of a crime is specific to the property and prior crimes at this location and must be sufficiently similar to the crime in question to place the premise owner on notice of the specific danger.  *Timberwalk Apts., Partners, Inc. v. Cain*, 972 S.W.2d 749, 753-58 (Tex. 1998).

41.     Specifically, the Texas Supreme Court noted in *Timberwalk*:

As a rule, "a person has no legal duty to protect another from the criminal acts of a third person". An exception is that "[o]ne who controls ... premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." The exception applies, of course, to a landlord who "retains control over the security and safety of the premises." "Foreseeability requires only that the general danger, not the exact sequence

of events that produced the harm, be foreseeable." When the "general danger" is the risk of injury from criminal activity, the evidence must reveal "specific previous crimes on or near the premises" in order to establish foreseeability.

The foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care on a person who owns or controls premises to protect others on the property from the risk. Once this prerequisite is met, the parameters of the duty must still be determined. "Foreseeability is the beginning, not the end, of the analysis in determining the extent of the duty to protect against criminal acts of third parties."

"[C]rime may be visited upon virtually anyone at any time or place", but criminal conduct of a specific nature at a particular location is never foreseeable merely because crime is increasingly random and violent and may possibly occur almost anywhere, especially in a large city. If a landowner had a duty to protect people on his property from criminal conduct whenever crime might occur, the duty would be universal. <u>This is not the law.</u>

A duty exists only when the risk of criminal conduct is so great that it is both unreasonable and foreseeable. Whether such risk was foreseeable must not be determined in hindsight but rather in light of what the premises owner knew or should have known before the criminal act occurred. In determining whether the occurrence of certain criminal conduct on a landowner's property should have been foreseen, courts should consider whether any criminal conduct previously occurred on or near the property, how recently it occurred, how often it occurred, how similar the conduct was to the conduct on the property, and what publicity was given the occurrences to indicate that the landowner knew or should have known about them. *Id.* (internal citations omitted) (emphasis added).

42.     Again, this legal authority is typically only invoked in premises liability cases, but here, it provides great insight on what a retailer's duties are to their invitees, which Plaintiff has clearly raised as an issue. *See* [Doc. 33] at ¶¶25, 27, 34-35.   As such, to the extent Plaintiff's negligence claim is not barred by the economic doctrine, this Court should consider this authority when determining whether Plaintiff properly stated a claim for negligence upon which relief may be granted.

43.     Here, Plaintiff vaguely points to alleged card-draining schemes at Kroger locations in other parts of the country yet fails to identify any prior incidents that occurred at the Studemont Kroger.  [Doc. 33] at ¶¶17-18.  Thus, Plaintiff has not sufficiently pled any facts to establish the alleged card-draining scheme posed a foreseeable risk to invitees at the Studemont Kroger.  Consequently, Plaintiff has not pled any facts that establish Defendants owed a duty of care to prevent such a crime from occurring at the Studemont Kroger much less that it breached such duty.  As such, Plaintiff's negligence claim must be dismissed.

**H.    Plaintiff fails to state a claim for unjust enrichment because there is no such independent cause of action in Texas and Plaintiff failed to plead any facts establishing Defendants were unjustly enriched.**

44.     Despite previously conceding through the briefing on Kroger Texas's First Motion to Dismiss and at the August hearing that unjust enrichment was not a viable claim, Plaintiff continues to incorporate allegations of unjust enrichment in its First Amended Complaint.  *See* [Doc. 33] at ¶35(b)(d).  Specifically, Plaintiff presents a common question of law between class members regarding whether "Kroger's" conduct with respect to the class constitutes unjust enrichment.  *Id*.  Such contention still fails to state a claim and should be dismissed.

45.     First, Plaintiff's unjust enrichment claim fails because it is not an independent cause of action.  Judge Rosenthal recently held "unjust enrichment is an element of restitution and not an independent cause of action."  *Daniel Montes v. Bertha Tibbs*, No. CV H-23-1352, 2024 WL 1676254, at *3 (S.D. Tex. Apr. 18, 2024) (J. Rosenthal) (quoting *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 961

(S.D. Tex. 2014); *Lilani v. Noorali*, No. H-09-2617, 2011 WL 13667, at *11 (S.D. Tex. Jan. 3, 2011) ("The majority of Texas appellate courts hold that unjust enrichment is not an independent cause of action.")). Therefore, Plaintiff's claim for unjust enrichment fails for this reason alone.

46. Second, Plaintiff's claim for unjust enrichment fails because Plaintiff does not plead facts demonstrating what benefit Defendants obtained from Plaintiff by means of the underlying transaction. A party may recover under unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Mary E. Bivins Found. v. Highland Capital Mgmt. L.P.*, 451 S.W.3d 104, 111-13 (Tex. App.—Dallas 2014, no pet.). Unjust enrichment occurs when a person has wrongfully secured or passively received a benefit that would be unconscionable to retain. *Id*.

47. Here, Plaintiff has not pled any facts establishing what benefit Kroger obtained from it by means of the underlying transaction. Instead, Plaintiff convolutedly alleges Defendants were unjustly enriched by saving on security measures that it should have implemented prior to Plaintiff's transaction by use of Plaintiff's and class members funds. Plaintiff's allegations are nonsensical. Moreover, as previously discussed, Plaintiff has failed to plead any actual damages in this matter. In the absence of any actual damages, Plaintiff cannot establish Defendants were unjustly enriched by the underlying transaction as a matter of law.

48. Furthermore, Plaintiff contends that it brings this action on behalf of Kroger customers purchasing cards from February 7, 2020, through February 7, 2024. [Doc. 33] at ¶6. Under Texas law, the statute of limitations for an unjust enrichment claim is two

years.  Tex. Civ. Prac. & Rem. Code § 16.003(a); *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W. 3d 869, 870–71 (Tex. 2007).  To the extent Plaintiff's unjust enrichment allegation survives dismissal outright, it should be limited to those class members pursuing claims within the appropriate parameters of the statute of limitations.

**I.    Plaintiff lacks Article III standing to assert the claims pled because Plaintiff cannot assert a concrete injury under the law when Plaintiff paid for a product and received just that.**

49.    Article III of the United States Constitution limits the judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2; *see Cranor v. 5 Star Nutrition, LLC*, 998 F.3d 686, 689 (5th Cir. 2021).  Because of that limitation, any party invoking the judicial power must establish the "irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  Article III standing requires three elements: (1) an "injury in fact" that is (2) "fairly traceable" to the "conduct complained of" and that is (3) likely redressable by a favorable court decision.  *Id.* at 560-61 (quotation omitted); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021).  As the Supreme Court has repeatedly instructed, standing requires a claim of injury that is "concrete, particularized, and actual or imminent." *TransUnion*,  141 S. Ct. at 2203.

50.    The Fifth Circuit Court of Appeals has held that ***a plaintiff has not asserted a concrete injury when they paid for a product and received just that.*** *Earl v. Boeing Co.*, 53 F.4th 897, 902 (5th Cir. 2022) (citing *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315 (5th Cir. 2002)) (emphasis added).  Here, just as in *Rivera*, Plaintiff paid for a product (a pre-loaded gift card) and that is exactly what Plaintiff received.  Plaintiff conclusively

established via its own allegations that it purchased, left the store with, and held onto the loaded gift card with all of its funds for approximately two months thereafter. [Doc. 33] at ¶¶19-20. For this reason, as well as each of the reasons outlined above, Plaintiff has failed to present a concrete injury giving rise to standing under Article III as required. "Because this suit does not present a justiciable case or controversy under Article III, we do not reach the class certification question…" *Rivera*, 283 F.3d at 321. As such, this determination is ripe at this juncture because without Article III standing, Plaintiff cannot claim standing for Rule 23 purposes to certify class action litigation against Kroger. *Id*.

**J.      Plaintiff lacks standing under Fed. R. Civ. P. 23.**

51.      Rule 23 of the Federal Rules of Civil Procedure requires that several preliminary conditions be met before a proposed class of plaintiffs may be certified. First, Rule 23(a) provides that certification is proper only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

52.      If Rule 23(a)'s prerequisites of numerosity, commonality, typicality, and adequacy are met, then the proposed class must additionally satisfy one of the three provisions for certification under Rule 23(b). Here, Plaintiff sought certification of a Rule 23(b)(2) and (3) class. *See* [Doc. 33] at ¶30.

  *i.*  **Standing under Rule 23(b)(2) is precluded as Plaintiff and Class Members predominately seek monetary relief.**

  53. Rule 23(b)(2) requires the party opposing the class to have acted or refused to act on grounds that apply generally to the class such that injunctive or declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

  54. Class action standing under Rule 23(b)(2) is defeated when the predominant relief sought by the Plaintiffs is monetary rather than injunctive or declaratory. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 339-40 (2011). The Supreme Court expressly explained that individualized monetary claims belong to Rule 23(b)(3) rather than 23(b)(2).

  55. Here, Plaintiff and Class Members primarily seek monetary relief as they are alleging their prepaid cards were drained and are seeking recoupment of same. *See generally* [Doc. 33]. As such, class action certification is inappropriate under Rule 23(b)(2) and better suited for Rule 23(b)(3). *Id.*

  *ii.*  **Class action standing is precluded under Rule 23(b)(3) due to variations in state law.**

  56. Rule 23(b)(3) requires additional showings of predominance and superiority, i.e., that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed R. Civ. P. 23(b)(3). However, variations in state law defeat class action standing as such variations swamp any common issues and defeat predominance. *Cole v. GMC*, 484 F.3d 717, 724 (5th Cir. 2007).

57.    In a diversity class action, as is the case here, inherent in the predominance inquiry is a determination of which states' substantive laws will apply to the claims.  The party seeking certification of a nationwide class must therefore "provide an 'extensive analysis' of state law variations to reveal whether these pose 'insuperable obstacles.'" *Cole* at 724.

58.    Here, Plaintiff broadly asserts a nationwide claim exists against "Kroger." [Doc. 33] at ¶¶17-18.  However, the laws throughout the nation vary greatly from state to state.  Such variations here swamp common issues and defeat predominance just as in *Cole* because Plaintiff has failed to provide an extensive analysis of the state law variations.  *Id.*

**K.    Plaintiff's request for injunctive relief fails because it is seeking to prevent unidentified future harm by a third-party criminal and Plaintiff fails to state a viable underlying claim.**

59.    Plaintiff alleges it and Class Members are entitled to injunctive relief requiring "Kroger" to "(i) strengthen its security systems and monitoring procedures; and (ii) submit to future annual audits of those systems and monitoring procedures."  [Doc. 33] at ¶¶52, 63.  Injunction is a harsh remedy and must be carefully regulated and confined to proper cases.  *Raine v. Searles*, 302 S.W.2d 486, 487 (Tex. Civ. App.—El Paso 1957, no writ).

60.    Plaintiff's entire basis for seeking injunctive relief is effectively to attempt to prevent the potential criminal or wrongful conduct of unknown third parties. However, a showing of third-party criminal activity is not sufficient to obtain injunctive relief against a defendant that did not affirmatively commit any wrongful or criminal acts.  *See Priest v. Tex. Animal Health Com.*, 780 S.W.2d 874, 875, 880 (Tex. App.—Dallas 1989, no writ);

*John Paul Mitchell Sys. v. Randalls Food Mkts.*, 17 S.W.3d 721, 732-734 (Tex. App.—Austin 2000, pet. denied).

61.     Moreover, injunctions are issued only to prevent *imminent* harm. *Lloyd v. Alaska Worldwide, Inc.*, 550 S.W.2d 343, 348 (Tex. Civ. App.—Dallas 1977, no writ). In the absence of a showing that the acts complained of probably will occur again, acts occurring prior to the suit will not furnish a basis for injunctive relief. *Edgar v. Glenn W. Turner Enterprises*, 487 S.W.2d 847, 849 (Tex. Civ. App.—Austin 1972, no writ); *see Knopf v. Standard Fixtures Co.*, 581 S.W.2d 504, 506 (Tex. Civ. App.—Dallas 1979, no writ); *Burklund v. Hackett*, 575 S.W.2d 389, 392 (Tex. Civ. App.—Tyler 1978, no writ). The purpose of injunctive relief is to halt wrongful acts that are threatened or in the course of accomplishment, rather than to grant relief against past actionable wrongs or to prevent the commission of wrongs not imminently threatened. *Texas Employment Comm'n v. Martinez*, 545 S.W.2d 876, 877 (Tex. Civ. App.—El Paso 1976, no writ).

62.     In Texas, to be entitled to injunctive relief, a plaintiff must demonstrate the existence of a wrongful act by the defendant, imminent harm, irreparable injury, and the absence of an adequate remedy at law. *See Priest v. Tex. Animal Health Com.*, 780 S.W.2d 874, 875, 880 (Tex. App.—Dallas 1989, no writ); *John Paul Mitchell Sys. v. Randalls Food Mkts.*, 17 S.W.3d 721, 732-734 (Tex. App.—Austin 2000, pet. denied) (emphasis added). The requirement of a wrongful act by the defendant is a fundamental element that must be proven to obtain injunctive relief. *Id*. Because Plaintiff failed to state an underlying claim against Defendants for the reasons set forth previously, Plaintiff's request for injunctive relief must also fail.

**L.      Plaintiff fails to allege facts to support its claim for exemplary and punitive damages.**

63.      Lastly, Plaintiff seeks exemplary and punitive damages against "Kroger" for the alleged "card-draining" scheme to which it purportedly fell victim.  [Doc. 33] at ¶¶65-68.  Plaintiff, however, is not entitled to exemplary/punitive damages as a matter of law.

64.      In Texas, punitive damages are not recoverable for a breach of contract, including breach of warranty claims, which are considered creatures of contract law.  *Tex. Nat'l Bank v. Karnes*, 717 S.W.2d 901 at *4 (Tex. 1986); *see also Howard Indus. v. Crown Cork & Seal Co., LLC*, 403 S.W.3d 347 (Tex. App.—Houston [1st Dist.] 2013, no pet.).  As such, Plaintiff is barred from recovering punitive damages related to its alleged breach of implied and express warranty claims against Defendants.

65.      Plaintiff has further not sufficiently plead any viable claims for any causes of action that would entitle it to punitive damages for the reasons discussed above.  Exemplary/punitive damages may only be awarded if Plaintiff can prove by clear and convincing evidence that its damages resulted from fraud, malice, or gross negligence.  *See* Tex. Civ. Prac. & Rem. Code §41.004(a).

66.      Here, Plaintiff conclusively alleged Defendants committed fraudulent, malicious, intentional, willful, wanton, or reckless conduct that caused its damages; however, Plaintiff has failed to plead any facts demonstrating Defendants acted in such manner.  [Doc. 33] at ¶68.  As such, Plaintiff request for exemplary/punitive damages should be dismissed.

## V.    CONCLUSION

For these reasons, Plaintiff failed to state a claim upon which relief may be granted against Defendants.  Consequently, Defendants are entitled to dismissal with prejudice as to all of Plaintiff's claims.  Defendants further request this Court grant all further relief to which Defendants are justly entitled, in equity or at law.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**Amy E. Parette**
Texas Bar No. 24121044
Federal ID No. 3708963
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
vhenderson@bakerdonelson.com
aparette@bakerdonelson.com

**Bruce A. McMullen**
Tennessee Bar No. 18126
*Pro Hac Vice Forthcoming*
**Mary Wu Tullis**
Tennessee Bar No. 31339
*Pro Hac Vice Forthcoming*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Procedures, I, Valerie Henderson, certify the body of this motion contains 7,728 words.

*/s/ Valerie Henderson*
Valerie Henderson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF System, pursuant to the Federal Rules of Civil Procedure on October 18, 2024.

*/s/ Valerie Henderson*
Valerie Henderson