IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOUSTON POLICE OFFICERS' UNION, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>KROGER TEXAS L.P.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:24-cv-00478<br>§<br>§ Hon. Charles Eskridge<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Houston Police Officers' Union ("Plaintiff"), individually and on behalf of all other persons similarly situated, files this Response in opposition to Kroger Texas L.P. and The Kroger Co.'s (jointly, "Kroger" or "Defendants") Motion to Dismiss Plaintiff's First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") [ECF No. 38] and, in support, shows the Court the following:

**I.  INTRODUCTION**

1.  In their Motion, Defendants brazenly seeks to evade accountability for its actions by throwing the entire kitchen sink at Plaintiff. Defendants claim Plaintiff lacks standing and that there is no basis for the breach of warranty claims. Yet, behind the veneer of legal maneuvering still lies the stark reality: Defendants disregard for the security of the gift cards they purvey has inflicted tangible harm upon Plaintiff and its other gift card customers. By failing to ensure that the purchased value of these cards reaches their rightful recipients, Defendants not only breached the implied warranties of fitness and merchantability and their express warranties, but also

demonstrated a reckless disregard for the welfare of consumers. The injuries suffered by the Plaintiff and its other gift card customers are not mere hypotheticals but tangible manifestations of Defendants' incompetence. Defendants' refusal to secure their gift card products—which they know are commonly tampered with—and failure to provide gift cards that are fit for the purpose of being gifts. Defendants advertised the gift cards as suitable for being gifts. Plaintiff wanted the gift cards for use similar to a gift, to use in a giveaway. Plaintiff bought gift cards for the giveaway from Defendants, but they were drained before use because Defendants failed to secure the items from scammers.

2. To grant Defendants' Motion would be to compound the injustice suffered by the Plaintiff and send a chilling message that large companies can act with impunity, even in the face of clear harm to consumers. It is imperative that this Honorable Court sees through Defendant's attempt to obfuscate the truth and affirms the Plaintiff's right to seek redress for the injuries Defendants caused it and those similarly situated.

**II.   NATURE AND STAGE OF PROCEEDING, AND ISSUES PRESENTED.**

3. Plaintiff originally pleaded three claims against Defendant Kroger Texas L.P.—negligence, breach of contract, and unjust enrichment due to Defendant's inability to secure the gift cards it sells so that their purchasers or intended recipients receive the purchased value. Kroger Texas L.P. moved to dismiss [ECF No. 14] and Plaintiff repleaded its Complaint [ECF No. 33]—adding The Kroger Co. as a Defendant and converting its claims to breach of warranty claims. In response, Defendants moved to dismiss asserting Plaintiff has no claims, nor standing, and all of Plaintiff's claims should be dismissed, despite a real underlying injury to Plaintiff that was caused, or allowed to happen, by Defendants.

4. In particular, Defendants argue: (i) Plaintiff improperly lumps Kroger Texas, L.P.

and The Kroger Co. together in violation of Rule 8(a); (ii) Plaintiff fails to state a claim for breach of implied warranty of fitness; (iii) Plaintiff fails to state a claim for breach of implied warranty of merchantability; (iv) Plaintiff fails to state a claim for breach of express warranty; (v) Plaintiff improperly lumps Kroger Texas, L.P. and The Kroger Co. together in violation of Rule 8(a); (vi) Plaintiff's breach of contract claim was dismissed; (vii) the economic loss doctrine bars Plaintiff's negligence claim as a matter of law and Plaintiff has not alleged facts to establish Kroger owed Plaintiff a common law duty of care under a negligence theory, so Plaintiff's negligence claim fails; (viii) Plaintiff's claim for unjust enrichment fails because there is no such independent cause of action in Texas and Plaintiff failed to plead any facts establishing Defendants were unjustly enriched; (ix) Plaintiff lacks standing for failing to allege a concrete injury; (x) Plaintiff lacks standing under Rule 23; (xi) Plaintiff's request for injunctive relief fails because it is seeking to prevent unidentified harm; and (xii) Plaintiff fails to allege facts to support its claim for exemplary and punitive damages. *See* Motion, ¶ 7.

5. Rather than attempt to resolve this issue, Defendants delay by arguing points with no basis in law, or which are based on an alleged lack of facts or alleged pleading deficiencies—which are curable.

6. Plaintiff pleaded that despite Defendants having known that their own lax security led to many card-draining incidents—as one of their employees told the President of the Houston Police Officer's Union—they have not sufficiently improved their own security, the cards' packaging, or implemented other changes to prevent those known losses. *See* ECF No. 33, ¶¶ 17-25. As the direct result of Defendants' years-long failures, numerous consumers and gift recipients have been needlessly subjected to card draining. *Id*. On Plaintiff's and their behalf, this action seeks to recover damages, restitution, and injunctive relief against Defendants for selling

fraudulent VISA Gift Cards, and for failing to prevent the foreseeable harm to Plaintiff and those similar situated, and the right to secure and conserve such funds until repayment. *Id*., ¶¶ 25-28. For injunctive relief, Plaintiff and the Proposed Class seek changed business practices from Defendants in the form of added low-cost security mechanisms to ensure consumers purchase untampered gift cards. *Id*.

7.  Plaintiff disagrees that it did not sufficiently plead its claims. There is an underlying problem with Defendants' selling gift cards that may or may not be usable depending on how fast the card is used after purchase or receipt. Standing on the fact the Defendant caused Plaintiff harm, any pleading issues can be resolved through an amended pleading.

### III.  AUTHORITIES AND ARGUMENTS.

7.  Defendants' Motion ignores the very authority it cites: "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). In spite of all Defendants' arguments otherwise, Plaintiff pleaded facially plausible breach of warranty claims based on Defendants' knowledge and tacit allowance of the fraud perpetuated against Plaintiff and their other gift card purchasers. Yet, as one must, Plaintiff responds to each of Defendants' arguments below.

**a.  Plaintiff refers to Defendants as "Kroger" because Plaintiff alleged Defendant Kroger Texas, L.P. is Defendant The Kroger Co.'s agent.**

8.  On information, belief, and common sense, Plaintiff knows The Kroger Co. is able to read the news and at least constructively knows of the scams and fraud alleged in Plaintiff's

Complaint [ECF No. 33] relating to its gift cards. The Kroger Co. is the corporate parent of Kroger Texas, L.P. and would plausibly controls its various policies, such as store layout and display of gift cards. Accordingly, Plaintiff pleaded Kroger Texas, L.P. is The Kroger Co.'s agent and The Kroger Co. is liable for the acts of its agent. *See* Complaint, § V.

9. Further, The Kroger Co. generally warns of gift card scams on one of its webpages. Complaint, ¶ 17 n2 ("The Kroger Co., *Your guide to common consumer scams*, Money Services at Kroger, available at https://moneyservices.kroger.com/fraud-awareness/common-consumer-scams (Kroger discussing other types of scams related to gift cards)).

10. Finally, Plaintiff sufficiently plead its claims under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Though "Rule 8 'does not require detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Taylor v. Hartley*, 488 F. Supp. 3d 517, 525–26 (S.D. Tex. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level.'" *Id*. (citing *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), quoting *Twombly*, 550 U.S. at 555).

11. "A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face." *Id*. (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (citing *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)). "This standard on plausibility is 'not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*.

12. "Review on motion to dismiss under Rule 12(b)(6) is constrained." *Id*. "The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id*. at 525-526 (citing *Walker v. Beaumont Independent School District*, 938 F.3d 724, 735 (5th Cir. 2019)). "The court must also generally limit itself to the contents of the pleadings and its attachments." *Id*. at 526 (citing *Brand Coupon Network LLC v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). "But courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions'" (*Shenton v. Ensite USA Inc*, No. 4:21-CV-02104, 2022 WL 1910143, at *1 (S.D. Tex. June 3, 2022)), such as those proffered by Defendant.

13. It can be plausibly assumed that a principal controls the relevant actions of its agent, Because of the alleged principal and agent relationship, The Kroger Co's plausible control of its agent Kroger Texas L.P.'s practices and Defendants' knowledge of the scams and fraud, The Kroger Co. and Kroger Texas L.P. can reasonably be lumped into one entity for the purposes of the Complaint and Defendant's Motion should be denied.

   b. **Plaintiff plausibly pleaded a claim for implied warranty of merchantability.**

14. Tex. Bus. & Comm. Code § 2.315 states, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required, and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." Plaintiff pleaded, "Kroger offered and invited its customers, including Class Members, to buy VISA Gift Cards as part of Kroger's regular business practices as a seller of prepaid cards, for the purposes of personals use or as gifts for others." Complaint, ¶ 44. Plaintiff further pleaded, "One such consumer, Houston Police Officers' Union ("HPOU") purchased 4

VISA Gift Cards intended as giveaways to clients and customers on August 3, 2023, from Kroger at its 1440 Studemont St, Houston, TX 77007 Kroger location." *Id.*, ¶ 19.

15. Plaintiffs purchased the gift cards for use in a giveaway—not for personal use or as a gift to a specific person—a non-ordinary use. Accordingly, Defendants' argument should be disregarded and their Motion denied.

    **c.**    **Plaintiff plausibly pleaded a claim for implied warranty of fitness.**

16. Plaintiff pleaded, "Kroger offered and invited its customers, including Class Members, to buy VISA Gift Cards as part of Kroger's regular business practices as a seller of prepaid cards, for the purposes of personals use or as gifts for others." Complaint, ¶ 44. The ordinary purpose of gift cards is for personal use or as gifts.

17. Those ordinary purposes would not work if you have a time limit determined by an outside source (criminal) to give the gift and have the recipient use it in. The facts as pleaded are plausible because gift cards can reasonably be believed not to be used within weeks or even months of receipt.

18. Further, Tex. Bus. & Com. Code § 2.607(b) states, "Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a non-conformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the non-conformity would be seasonably cured but acceptance does not of itself impair any other remedy provided by this chapter for non-conformity." Plaintiff and those similarly situated had no knowledge of the non-conformities. Defendants' arguments otherwise should not be countenanced, and their Motion should be denied.

    **d.**    **Plaintiff plausibly pleaded a claim for breach of express warranty.**

19. "The essence of an express warranty claim is a broken promise." *Wildman v.*

*Medtronic, Inc.*, 874 F.3d 862, 867, 868 n.3. (5th Cir. 2017) ("The claim has six elements under Texas law: "(1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury."). Complaint, ¶ 55.

20. Under Tex. Bus. & Com. Code § 2.313:

>(a) Express warranties by the seller are created as follows:
>
>>(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>>
>>(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>>
>>(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
>
>(b) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

21. Plaintiff pleaded the cards were advertised as "gift" cards. Complaint, ¶ 57. On a reasonable basis, givers of gift cards do not check the balance before giving gift cards as gifts, while recipients of gift cards do not immediately use their cards. Kroger's excuse of selling products advertised as gifts—gifts which most people know are not immediately used—that cannot function as gifts unless immediately used, holds no water. A gift can be purchased in weeks, months, or years in advance. And a gift card recipient may not open or use it for the same period. Advertising a product as a gift, specifically a gift card meant for later use, while allowing it to have a criminal access it and wait to drain purchaser's funds, is a violation of the express warranty made that the gift card can function as a gift.

  e. **Plaintiff's fraud allegations meet Rule 9(b) pleading requirements.**

22. Plaintiff's fraud allegations meet Rule 9(b) pleading requirements. Plaintiff alleged Defendants' conduct as unjustifiable and their misrepresentations regarding the money should be on the prepaid cards after purchase are actionable without individualized reliance. Complaint, ¶ 46. "[W]hile it may be that first-party reliance is an element of a common-law fraud claim, there is no general common-law principle holding that a fraudulent misrepresentation can cause legal injury only to those who rely on it." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 656 (2008). This same principle applies to Kroger's breach of implied warranty. "Indeed, so well established is the defendant's liability in such circumstances that the Restatement (Second) of Torts sets forth as a general principle that one who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances." *Id*., at 656–57 (internal citation omitted).

23. Further, the Fifth Circuit has held "common issues can still predominate if common evidence of fraudulent misrepresentation gives rise to a reasonable inference that that

misrepresentation induced the class members' actions and caused their losses." *Vine v. PLS Fin. Servs., Inc.*, 807 F. App'x 320, 329 (5th Cir. 2020) (affirming District Court's finding that class-wide issues will predominate over individual issues through an inference of reliance) (internal citations omitted). "Other circuits have likewise permitted inferences of reliance when they follow logically from the nature of the scheme, and there is common, circumstantial evidence that class members relied on the fraud." *Id*., at 329–30.

24. Any customer, including Plaintiff and Class Members, who paid money to Kroger did so with the reasonable belief and expectation that Kroger would provide a functional product as advertised instead of allowing its customers to be defrauded by a known scheme. Kroger could have also use part of those funds to provide functional products—potentially by preventing them from tampering with security—or any other reasonable measure as a long-term seller of such products with awareness of card drainage. Kroger failed to do so and there is an inference of reliance against Kroger for perpetuating the fraud.

25. Further, Plaintiff pointed to plenty of news sources identifying the ongoing fraud. Complaint, ¶ 17, n2.

### f. Plaintiff has dismissed its breach of contract claim.

26. Defendants point out Plaintiff's a clerical error, and the correct language should have been "breaches of warranties" instead of "breaches of contracts." If necessary to correct such a clerical error, Plaintiff can replead or submit a corrected Complaint as the Court prefers.

### g. Plaintiff is not asserting an independent negligence claim.

27. Defendants claim Plaintiff asserted negligence claims—complaining of the language Plaintiff used in ¶ 34 of its Complaint. *See* Motion, ¶ 32. Plaintiff did not assert any negligence claims. Maybe Defendants are arguing the Complaint makes out a negligence claim by

laying out facts that show Defendants made negligent warranties. Nonetheless, Plaintiff used that language in relation to its claims and Defendants' possible defenses under the Texas Business & Commerce Code. The economic loss rule does not bar Plaintiff's breach of warranty claims. *See Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 80 (Tex. 1977) ("To support a recovery for economic loss, the Uniform Commercial Code provides both express and implied warranties.").

    **h.    Plaintiff properly alleged unjust enrichment.**

    28.    As Defendants note, "A party may recover under unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage" and "Unjust enrichment occurs when a person has wrongfully secured or passively received a benefit that would be unconscionable to retain." Motion, ¶ 46 (citing *Mary E. Bivins Found. v. Highland Capital Mgmt. L.P.*, 451 S.W.3d 104, 111-13 (Tex. App.—Dallas 2014, no pet.). Plaintiffs plead that Defendants knew gift cards were being drained for years, retained the money customers used to purchase the gift cards, and allows card draining to continue. Complaint, ¶¶ 17-22 and ¶ 35(a-b). Through taking such an undue advantage of its consumers without providing any way to prevent the fraud, Defendants were unjustly enriched. Further, unjust enrichment is an equitable claim and a new class with a new time frame can be created if Defendants are found to have been unjustly enriched.

    29.    Further, though "Texas courts ... hold that unjust enrichment is an element of restitution and not an independent cause of action," the court in *Montes* does note that not all Texas appellate courts have held unjust enrichment is not an independent cause of action before analyzing the viability of the claim. *Montes v. Tibbs*, No. CV H-23-1352, 2024 WL 1676254, at *3 (S.D. Tex. Apr. 18, 2024). In *Montes*, the claim was found to be based on a hypothetical situation, whereas here, Plaintiff alleged Defendant retained a benefit at the expense of Plaintiff in response

to a problem Defendant caused. The damages have already occurred, and Defendant was unjustly enriched at the expense of Plaintiff and those similarly situated.

### i. Plaintiff has standing.

30. Plaintiff purchased but did not receive a product usable for giveaways or as a gift. Defendants cite to *Earl v. Boeing Co.* for the proposition, The Fifth Circuit Court of Appeals has held that a plaintiff has not asserted a concrete injury when they paid for a product and received just that." Motion, ¶ 50 (citing 53 F.4th 897, 902 (5th Cir. 2022) (citing Rivera v. Wyeth-Ayerst Labs., 283 F.3d 315 (5th Cir. 2002))). Defendant continues, "[h]ere, just as in *Rivera*, Plaintiff paid for a product (a pre-loaded gift card) and that is exactly what Plaintiff received." *Id*.

31. These arguments fail because *Earl v. Boeing Co.* and *Rivera* are distinguishable. *Earl v. Boeing Co.* and *Rivera* are cases involving products with a potential for injury that the Plaintiff has not suffered. *See Earl v. Boeing Co.*, 53 F.4th at 902 ("Specifically, plaintiffs claim that if the public had known about defendants' fraudulent scheme, demand for tickets on routes flying the MAX 8 would have dropped, so the airlines would have been forced to lower fares and plaintiffs would have paid less for their tickets," and referring to *Rivera*, "But even though other customers had been injured, the risk of liver damage had not materialized as to any plaintiff, and the painkiller had worked as advertised in every other respect.").

32. Here, Plaintiff pleaded a class for "**All persons and entities in the United States who purchased 1 or more VISA Gift Cards from Kroger and the card was found to be improperly drained,**" which is for those who actually suffered a concrete injury in purchasing a gift card that could not be used as a gift or for personal use if the recipient or purchaser waited too long. And too long does not mean a time period that Defendants alerted purchasers or users of, it

is an arbitrary and unknown time period for a criminal or one of Defendants' agents to drain the cards because Defendants refuse to secure them.

33. Further, Plaintiff has standing under Rule 23 of the Federal Rules of Civil Procedure.

34. "[S]tate law does not need to be universal in order to justify nationwide class certification." *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 292 (S.D. Ohio 1997). Defendants have not born the burden of showing that the state laws that would apply to the claims of each possible class members are so different that these nationwide classes could not possibly be certified. "Courts must exercise 'caution' when striking class allegations based solely on the pleadings." *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921, 947 (E.D. Mich. 2022) (citing *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076 at *2 (S.D. Ohio May 7, 2014) (quoting *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 56 (1st Cir. 2013))).

35. This is because "letting them continue would not impose a substantially higher discovery burden on the parties." *Id*. "And in any event, such concerns 'counsel for a careful plan of discovery management, not for preemptively striking dozens of states in which viable subclasses still might be formulated.'" *Id*.

36. Finally, Plaintiffs have not yet moved to certify any class. And "at least one court in the Sixth Circuit has declined to strike allegations seeking to maintain a nationwide breach-of-warranty class, observing that such claims were 'governed by identical [Uniform Commercial Code] provisions adopted by every state,' and thus could potentially be resolved on a class-wide basis despite the 'slightly different interpretations' of those provisions." *Id*. (citing Albright v. Sherwin-Williams Co., 2019 WL 5307068 at *17 (N.D. Ohio Jan. 29, 2019)).

37. "The elements of an implied warranty of merchantability claim are fairly similar across states." *Id.*, at 978 (citing *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d 975, 1013 (E.D. Mich. 2017) (collecting cases)). Thus, Defendants' Motion should be denied.

    **j.    Plaintiff properly pleaded for injunctive relief.**

38. As noted above, Plaintiff's Breach of warranty claims are viable. Defendants note, "[i]n Texas, to be entitled to injunctive relief, a plaintiff must demonstrate the existence of a wrongful act by the defendant, imminent harm, irreparable injury, and the absence of an adequate remedy at law." Motion, ¶ 62. Plaintiff alleged Defendants have knowingly allowed fraud to continue for years, causing continuous irreparable injuries to its gift card customers, which—after years of Defendants', at least constructive, knowledge—appears to be continuing until Kroger is forced to change.

    **k.    Plaintiff pleaded facts supporting its Exemplary or Punitive Damages.**

39. As stated above, Plaintiff pleaded the damages it suffered and can replead with more specificity if required. As such, Defendant's arguments that any of Plaintiff's claims fail—due to the lack of damages pleaded—themselves fail. Plaintiff pleaded that Defendant knew of the scams and did nothing to stop them. This behavior rises to the level of "fraudulent, malicious, intentional, willful, wanton, or reckless conduct that evidenced a conscious disregard for Plaintiff and Class Members' rights." ECF No. 33, ¶ 35(e), ¶ 68. Accordingly, exemplary or punitive damages are warranted.

    **IV.    CONCLUSION**

40. Plaintiff alleged an injury caused by Defendant, established how Defendant caused that injury and knew of its risks, and explained how the injury is redressable. Thus, Defendant'

Motion should be denied and Plaintiff requests all other and further relief as the Court deems necessary, just, and proper. Alternatively, Plaintiff requests leave to amend its Complaint to replead with more specificity.

Dated: November 9, 2024					Respectfully submitted,

					*/s/ Jarrett L. Ellzey*

					**ELLZEY & ASSOCIATES, PLLC**
					Jarrett L. Ellzey
					Texas Bar No. 24040864
					jarrett@ellzeylaw.com
					Leigh S. Montgomery
					Texas Bar No. 24052214
					leigh@ellzeylaw.com
					Alexander G. Kykta
					Texas Bar No. 24107841
					alex@ellzeylaw.com
					1105 Milford Street
					Houston, Texas 77006
					Phone: (888) 350-3931
					Fax: (888) 276-3455

					**ATTORNEY TOM & ASSOCIATES**
					Tom Kherkher
					Texas Bar No. 24113389
					tom@attorneytom.com
					5909 West Loop South Suite 525
					Houston, Texas 77401
					Phone: (855) 866-9467

					**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served through the Court's filing system on this 8th day of November 2024 to:

**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**Amy E. Parette**
Texas Bar No. 24121044
Federal ID No. 3708963
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
vhenderson@bakerdonelson.com
aparette@bakerdonelson.com

**Bruce A. McMullen**
Tennessee Bar No. 18126
Pro Hac Vice Forthcoming
**Mary Wu Tullis**
Tennessee Bar No. 31339
Pro Hac Vice Forthcoming
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT
KROGER TEXAS, LP**

                                                                           /s/ *Jarrett L. Ellzey*
                                                                           **JARRETT L. ELLZEY**

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document contains 4,250 words, excluding the case caption, signature block, and certificates.

/s/ Alexander G. Kykta
Alexander G. Kykta