# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **HOUSTON POLICE OFFICERS'** | § | |
| **UNION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-00478** |
| | § | |
| **KROGER TEXAS L.P., THE** | § | |
| **KROGER CO.,** | § | |
| **Defendants.** | § | |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff fails to state a claim against Defendants in its First Amended Complaint ("Complaint") and sufficiently address any of its pleading deficiencies in its response. In its response to Defendants' motion to dismiss, Plaintiff conflates the elements of numerous causes of action, acknowledges that it has voluntarily dismissed its breach of contract and negligence claims, and then argues Defendants are attempting to "evade accountability" by arguing numerous legal bases for dismissal. Plaintiff, however, has not overcome the numerous legal bases for dismissal and has demonstrated through numerous attempts to replead that it cannot allege facts to support its causes of action. Therefore, the Court should dismiss Plaintiff's claims in their entirety.

## I. ARGUMENT & AUTHORITIES

### A. Plaintiff's conclusory agency relationship allegation does not obfuscate Rule 8(a) pleading requirements.

1. Plaintiff contends referring to "Defendants" collectively throughout its Complaint, with no distinction between each Kroger entity, is proper given their purported

agency relationship. [Doc. 40] at ¶¶8, 13. Federal courts in Texas have established, however, that "lumping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6)." *Del Castillo v. PMI Holdings N. Am. Inc.*, 2016 WL 3745953, *13 (S.D. Tex. July 13, 2016). Moreover, as the Southern District recently held, "mere business relationships do not automatically create agency relationships." *Davis v. Centurylink, Inc*., 2023 WL 2145535, at *3 (S.D. Tex. Feb. 21, 2023), report and recommendation adopted, 2023 WL 2401697 (S.D. Tex. Mar. 8, 2023) (citing *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *4 (E.D. Tex. Aug. 8, 2019) ("Although Plaintiff alleges a business relationship between Defendant Lifestyles and RCI, Plaintiff does not allege facts supporting an inference that RCI instructed other Defendants and/or unnamed agent or callers to call Plaintiff or show that these entities were in fact acting at the directive or on behalf of RCI." (citation omitted)); *see also* RESTATEMENT (THIRD) OF AGENCY § 1.01 cmt. f(1) ("An essential element of agency is the principal's right to control the agent's actions . . . The power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents.")). Merely alleging one company is the agent of another company fails to set forth any facts to support an inference that one company has the power to control the other company's actions. *See id.*

  2. Plaintiff's Complaint is void of any allegations as to which Kroger entity did what. Plaintiff relies on an allegation of agency to justify the lack of distinction between the two entities, yet Plaintiff fails to allege any facts beyond conclusory assertions to show

an agency relationship. Instead, Plaintiff merely asserts in its Complaint that "Kroger Texas L.P. is presumed to be an agent of The Kroger Co., who is the principal." [Doc. 33], ¶16. This conclusory assertion is not sufficient to establish an agency relationship between the two defendants, and it certainly should not lead the Court to ignore the pleading requirements under Rule 8(a) when determining if Plaintiff adequately stated each claim against each Kroger entity in the Complaint.

3.     Plaintiff failed to place Defendants on notice as to who allegedly committed which acts. Plaintiff's failure to cure this deficiency on amendment is fatal and warrants entire dismissal of its claims with prejudice. *See Malveaux v. Litton Loan Servicing*, 2011 WL 1211355, at *3 (N.D. Tex. Feb. 7, 2011), report and recommendation adopted, 2011 WL 1211347 (N.D. Tex. Mar. 30, 2011) (dismissing a case with prejudice after previously giving a plaintiff an opportunity to amend her complaint) (citing *Tucker v. U.S.*, 2009 WL 3047855 at *6 (N.D. Tex. Sept. 23, 2009) (citing *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 565 (5th Cir. 2003))).

**B.     Plaintiff failed to state a claim upon which relief may be granted on its breach of warranty claims.**

4.     In its response, Plaintiff improperly substitutes the legal standards governing each of its breach of implied warranty claims. Specifically, Plaintiff applies the "non-ordinary use" requirement governing implied warranty of fitness for particular purpose claims to its analysis for its implied warranty of merchantability claim. [Doc. 40] at ¶¶14-15. Likewise, Plaintiff improperly applies the "ordinary use" standard governing implied warranty of merchantability claims to its analysis for its implied warranty of fitness for a

particular purpose claim. *Id*. at ¶¶16-17. Regardless, Plaintiff's warranty claims still fail.

i. ***Plaintiff's breach of implied warranty of merchantability claim fails as the gift cards were fit for use at the time of sale.***

5. This Court previously held a plaintiff can only succeed on a breach of implied warranty of merchantability claim "if the goods were unmerchantable **at the time of sale**." *Advon Corp. v. Coopwood's Air. Conditioning Inc.*, 517 F.Supp.3d 656, 664 (S.D. Tex. 2021) (J. Eskridge) (emphasis added) (citing Tex Bus & Comm Code §§ 2.314, 2.607(c)(1); *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 667–68 (Tex. 1999); *Polaris Industries, Inc. v. McDonald*, 119 S.W.3d 331, 336 (Tex. App.—Tyler 2003, no pet.); *Safeway Stores, Inc. v. Certainteed Corp*, 710 S.W.2d 544, 546–48 (Tex. 1986)).

6. Plaintiff contends the ordinary purpose of the gift card was frustrated because a third-party criminal dictated the time frame in which the recipient of the card could use the funds. [Doc. 40] at ¶¶16-17. Plaintiff's argument is entirely immaterial to the facts necessary to establish a breach of implied warranty of merchantability claim against either Kroger entity, however.

7. Rather, Texas law provides the VISA gift cards must be fit for use as a gift card **at the time of sale**, not in perpetuity thereafter. Tex. Bus. & Com. Code § 2.314(b)(3); *Advon Corp.*, 517 F.Supp.3d at 664. And they were. The analysis ends at the time of sale based on the prior holding of this Court and longstanding Texas law. Plaintiff's allegation that the gift cards were purportedly drained months after purchase is not only based entirely on speculation in violation of the pleading requirements set forth in Rule 8(a) and *Twombly*. but it also is immaterial to the elements to establish a claim for breach of implied warranty

of merchantability claim. *See Twombly*, 550 U.S. at 555. Plaintiff has not and cannot allege the gift cards were not merchantable at the time of sale; therefore, this claim fails.

    *ii.*    **Plaintiff's breach of implied warranty of fitness for a particular purpose fails because Plaintiff admitted in its Complaint that it purchased the gift cards for use as a gift.**

8.    To state a claim for relief for breach of the implied warranty of fitness for a particular purpose, Plaintiff must show the particular purpose for which the plaintiff seeks to use the good is different from the good's ordinary use. *Asai v. Vanco Insulation Abatement*, 932 S.W.2d 118, 122 (Tex. App.—El Paso 1996, no writ) (emphasis added). Plaintiff argues in its response that it did not purchase the gift cards for their ordinary use, i.e., a gift, but instead purchased them for a "giveaway." [Doc. 40] at ¶¶14-15. This argument is contrary to the allegations in the Complaint and logic.

9.    First, Plaintiff admitted in the Complaint that it purchased the gift cards at issue for the purpose of using as a gift:

> Kroger offered and invited its customers, including Class Members, to buy VISA Gift Cards as part of Kroger's regular business practices as a seller of prepaid cards, for the purposes of personals use or as gifts for others. Plaintiff and Class Members accepted Kroger's offers and bought VISA Gift Cards from them for such purposes. . . [Doc. 33, ¶ 44].

10.    Additionally, "giveaway" is merely another word for gift—Merriam-Webster's states "gift" is a synonym for "giveaway" and defines "giveaway" as "something given to someone without expectation of a return, as in gift." "Giveaway," *Merriam-Webster.com Thesaurus*, Merriam-Webster, https://www.merriam-webster.com/thesaurus/giveaway, Accessed 18 Nov. 2024. For these reasons, Plaintiff's claim should be dismissed with prejudice.

### iii.    *Plaintiff's breach of express warranty fails for want of a broken promise.*

11.    As Plaintiff stated in its response, "[t]he essence of an express warranty claim is a broken promise." [Doc. 40] at ¶19 (citing *Wildman v. Medtronic, Inc.*, 874 F.3d 862, 868 n.3 (5th Cir. 2017). Plaintiff failed to plead facts demonstrating Defendants broke a promise to it.

12.    Plaintiff's Complaint asserts "Kroger's" advertising displays for its prepaid cards expressly warranted to Plaintiff and Class Members that the VISA Gift Cards it purchased "would contain the added and paid amount of money." [Doc. 33] at ¶54. <u>And that is exactly what happened.</u>

13.    Plaintiff now contends for the first time in its Response that theoretical criminal access to a product sold in a retail store violates an express warranty that the gift card can function as a gift. [Doc. 40] at ¶21. Plaintiff cites to no legal authority supporting criminal accessibility to products on display violates express warranties. This simply is not the law.

14.    Again, Plaintiff's theories of how the cards were drained months after purchase does not negate the fact that at the time of sale, the cards fully complied with any express warranty that its displays conveyed to Plaintiff. Moreover, Plaintiff's theories that criminal access to the cards was gained while the cards were in Kroger's possession and not Plaintiff's is entirely speculative. These theories are not the type of allegations sufficient to survive a motion to dismiss under *Twombly*. Plaintiff has failed to state a claim upon which relief may be granted for breach of express warranty.

**C.** **Plaintiff fails to state with particularity the who, what, when, where, and how regarding either Kroger defendant to support a fraud claim.**

15. As outlined supra, Plaintiff improperly lumped Defendants together without identifying who is responsible for which acts. Not only does this pleading deficiency violate Rule 8(a), but it also certainly fails to meet the heightened Rule 9(b) pleading requirements for fraud. Fed. R. Civ. P. 9(b). The Fifth Circuit interprets Rule 9(b) strictly and requires a plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud. *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 820 (5th Cir. 2020).

16. Plaintiff claims there is an inference of reliance against Kroger for perpetuating the alleged fraud. [Doc. 40] at ¶24. Plaintiff places the cart before the horse. *Id*. at ¶¶22-24. We do not even get to fraud requirements if fraud is not sufficiently plead with the level of particularity required by Rule 9(b).

17. Defendants cannot discern from Plaintiff's pleadings which entity allegedly did what. [Doc. 33]. Instead, Plaintiff doubled down on its pleading style asserting it can refer to Defendants collectively based on an alleged agency relationship. [Doc. 40] at ¶¶8, 13. This contention fails for reasons set forth previously.

18. Plaintiff further asserts news sources identifying ongoing fraud should be sufficient to put Defendants on notice of Plaintiff's fraud claim against them. [Doc. 40] at ¶25. These "news sources" are hearsay and have nothing to do with the specific facts of this matter. Plaintiff's argument that alleged card-draining schemes in other states involving other retailers is entirely immaterial to the claims against Defendants in this case.

**D.    Plaintiff cannot assert an independent unjust enrichment claim as a matter of law.**

19.    Plaintiff has no valid claim for unjust enrichment and its argument to the contrary grossly mischaracterizes Texas jurisprudence governing this claim.  First, it is well established under Texas law that a plaintiff cannot state an independent claim for unjust enrichment.  *Daniel Montes v. Bertha Tibbs*, 2024 WL 1676254, at *3 (S.D. Tex. Apr. 18, 2024) (J. Rosenthal) (quoting *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 961 (S.D. Tex. 2014); *Lilani v. Noorali*, 2011 WL 13667, at *11 (S.D. Tex. Jan. 3, 2011).

20.    Second, Plaintiff's Response alludes to unjust enrichment only being unavailable as an independent claim when it is based on hypothetical damages as opposed to actual damages.  [Doc. 40] at ¶¶29.  This is false.  In *Montes*, the Court specifically stated "[a]ssuming for the sake of argument, that Montes could bring an independent claim for unjust enrichment, he cannot sustain such a claim with a hypothetical claim for loss of future inheritance.  His mother is still alive." *Montes,* 2024 WL 1676254, at *3.  The *Montes* Court <u>does not</u> stand for the proposition that a claim for actual damages allows a Plaintiff to bring an independent unjust enrichment claim.  *Id*.

21.    Consequently, Plaintiff has failed to state a claim for unjust enrichment against Defendants and Plaintiff's claim should be dismissed with prejudice.

**E.    Plaintiff lacks Article III standing for want of a concrete injury as it received exactly the product it paid for.**

22.    Plaintiff contends Defendants Article III standing arguments fail because the facts of the cases supporting Defendants' position are distinguishable from the present case.

Although the facts differ, the governing law remains applicable.

23.     Based on Plaintiff's factual allegations, Plaintiff lacks Article III standing for want of a concrete injury.  The Fifth Circuit has long held a plaintiff has not asserted a concrete injury when they paid for a product and received just that.  *Earl v. Boeing Co.*, 53 F.4th 897, 902 (5th Cir. 2022) (citing *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315 (5th Cir. 2002)) (emphasis added).  The factual differences between *Earl* and *Rivera* to the present case are immaterial to how the law is applied.  Here, Plaintiff purchased four VISA gift cards loaded with $100.00 each and left the store with just that.  [Doc. 33] at ¶¶19-20. Consequently, Plaintiff has failed to present a concrete injury giving rise to Article III standing, as required.

24.     Without Article III standing, Plaintiff cannot advance to class certification. *Rivera*, 283 F.3d at 321.  As such, the Court may take up this issue now because without Article III standing, Plaintiff cannot claim Rule 23 standing to certify its class action litigation against Defendants as a matter of law.  *Id*.

**F.     Plaintiff lacks standing under FRCP 23.**

25.     Plaintiff seeks certification of a Rule 23(b)(2) and (3) class.  *See* [Doc. 33] at ¶30.  Plaintiff's Response failed to address its standing under Rule 23(b)(2), effectively conceding to its lack of standing under this rule.

26.     As for Rule 23(b)(3), Plaintiff bears the burden of providing an extensive analysis of state law variations on its claims to determine whether the state law variations swamp the class's common issues and defeat predominance.  *Cole v. GMC*, 484 F.3d 717, 724 (5th Cir. 2007).  Plaintiff's failure to do so is fatal to its Rule 23(b)(3) standing.  *Id*.

Instead, Plaintiff attempts to improperly shift the burden of proof to Defendants to show that the state laws of the class members vary. [Doc. 40] at ¶34. This is insufficient to demonstrate standing under Rule 23(b)(3). Without standing, Plaintiff has no foundation upon which to assert any of its claims against Defendants.

**G.** **Plaintiff cannot seek injunctive relief to prevent the potential actions of third-party criminals.**

27. Plaintiff asserts entitlement to injunctive relief based purely on the purely speculative statement that Kroger knew of fraud occurring for years and allowed it to continue. [Doc. 40] at ¶38. But injunctive relief is a harsh remedy used to prevent imminent harm; not serve as punishment for past actionable wrongs. *Raine v. Searles*, 302 S.W.2d 486, 487 (Tex. Civ. App.—El Paso 1957, no writ); *see also Texas Employment Comm'n v. Martinez*, 545 S.W.2d 876, 877 (Tex. Civ. App.—El Paso 1976, no writ). Additionally, and importantly, Plaintiff seeks injunctive relief to prevent potential criminal conduct of unknown third-party criminals. Defendants know of no legal authority allowing injunctive relief against a defendant that did not affirmatively commit any wrongful or criminal acts. Consequently, Plaintiff has failed to state a claim for injunctive relief that may be granted, and this Court should dismiss Plaintiff's claim with prejudice.

**H.** **Plaintiff's claim for punitive/exemplary damages fails.**

28. The only claim Plaintiff asserted entitling it to punitive damages is fraud, which Plaintiff failed to properly plead under Rule 9(b) of the Federal Rules of Civil Procedure. Because Plaintiff has no viable fraud claim, it also has no viable claim for punitive/exemplary damages.

## II.  CONCLUSION

29.     For these reasons, this Court should dismiss Plaintiff's claims in their entirety against Defendants with prejudice.  Defendants further request this Court grant all further relief to which Defendants are justly entitled, in equity or at law.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**Amy E. Parette**
Texas Bar No. 24121044
Federal ID No. 3708963
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
vhenderson@bakerdonelson.com
aparette@bakerdonelson.com

**Bruce A. McMullen**
Tennessee Bar No. 18126
*Pro Hac Vice Forthcoming*
**Mary Wu Tullis**
Tennessee Bar No. 31339
*Pro Hac Vice Forthcoming*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Procedures, I, Valerie Henderson, certify the body of this motion contains 2,724 words.

/s/ Valerie Henderson

Valerie Henderson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF System, pursuant to the Federal Rules of Civil Procedure on November 18, 2024.

/s/ Valerie Henderson

Valerie Henderson